■ TIMOTHY MC. et al., Appellants, v BEACON CITY SCHOOL DISTRICT et al., Respondents, et al., Defendant. [7 NYS3d 348]—

In an action, inter alia, to recover damages for negligence, assault, and battery, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 12, 2013, as granted those branches of the motion of the defendants Beacon City School District and Lorraine Torell which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Beacon City School District and Lorraine Torell which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them are denied.

This action arises out of a series of interactions between GM, an infant who suffers from severe mental disabilities, and the defendant Lorraine Torell. The interactions occurred on a bus operated by the defendant Beacon City School District (hereinafter the school district). At the relevant time, Torell was employed by the school district as a bus monitor to attend to GM on the bus. The plaintiffs, the parents of GM, commenced this action, alleging that Torell injured GM by physically and mentally abusing him. The second cause of action alleged that the school district was negligent in its supervision of GM, and negligent in its supervision and training of Torell. The fourth and fifth causes of action alleged assault and battery, respectively. The school district and Torell (hereinafter together the school defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion.

We agree with the plaintiffs that the Supreme Court erred in granting those branches of the school defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them. Here, the school defendants failed to make their prima facie showing of entitlement to judgment as a matter of law with respect to the second, fourth, and fifth causes of action. Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342, 343 [2005]; *Doe v Rohan*, 17 AD3d 509, 511 [2005]; *Doe v Orange-Ulster Bd. of Coop. Educ.*

*Servs.*, 4 AD3d 387, 388 [2004]). The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Mirand v City of New York*, 84 NY2d at 49; *Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756, 758 [2012]; *Doe v Rohan*, 17 AD3d at 511; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d at 388). Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable (*see Mirand v City of New York*, 84 NY2d at 49; *Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d at 758; *Dia CC. v Ithaca City School Dist.*, 304 AD2d 955, 956 [2003]).

Contrary to the Supreme Court's determination, the school defendants failed to establish, prima facie, that the school district had no specific knowledge or notice of Torell's propensity to engage in the misconduct alleged. In fact, the evidence submitted in support of the school defendants' motion suggested that the school district had received prior complaints of Torell's misbehavior toward students on the bus. Because the school defendants failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to the allegation of negligent supervision of GM, the burden never shifted to the plaintiffs to establish the existence of triable issues of fact in that regard (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Consequently, the court should not have directed the dismissal of the second cause of action insofar as it alleged that the school district was negligent in supervising GM.

For the same reason, the Supreme Court erred in directing the dismissal of the plaintiffs' second cause of action insofar as it alleged negligent supervision and training of Torell. A necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury (*see Peter T. v Children's Vil., Inc.*, 30 AD3d 582, 586 [2006]; *Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d at 343-344; *Doe v Rohan*, 17 AD3d at 511; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997]). As discussed above, the school defendants failed to make a prima facie showing that the school

district had no specific knowledge or notice of Torell's propensity to engage in the alleged misconduct, and, thus, summary judgment was improperly awarded with respect to the allegation of negligent supervision and training of Torell.

Moreover, the Supreme Court improperly concluded that the plaintiffs could not maintain a claim for negligent supervision and training of Torell because Torell was acting within the scope of her employment during the alleged incidents. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training" (*Talavera v Arbit*, 18 AD3d 738, 738 [2005]; *see Saretto v Panos*, 120 AD3d 786, 788 [2014]; *Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 849 [2011]). Contrary to the court's determination, the school defendants did not establish, prima facie, that Torell was acting within the scope of her employment during the alleged incidents. Consequently, the plaintiffs were not precluded from claiming that the school district was negligent in its supervision and training of Torell (*cf. Saretto v Panos*, 120 AD3d at 788).

In order to sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact (*see Gabriel v Scheriff*, 115 AD3d 791, 792 [2014]; *Fugazy v Corbetta*, 34 AD3d 728, 729 [2006]; *Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475 [2005]; *Bastein v Sotto*, 299 AD2d 432, 433 [2002]). The elements of a cause of action to recover damages for battery are intentional bodily contact that is offensive in nature (*see Cerilli v Kezis*, 16 AD3d 363, 364 [2005]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]; *Roe v Barad*, 230 AD2d 839, 840 [1996]; *Laurie Marie M. v Jeffrey T.M.*, 159 AD2d 52, 55 [1990], *affd* 77 NY2d 981 [1991]). Contrary to the Supreme Court's conclusion, the school defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging assault and battery insofar as asserted against them. Furthermore, we disagree with the school defendants that a certain surveillance video recording, which the plaintiffs submitted in opposition to the motion, eliminates all triable issues of fact regarding the propriety of Torell's conduct.

Since the school defendants failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to the second, fourth, and fifth causes of action, we need

not reach the issue of whether the plaintiffs raised a triable issue of fact as to whether the school defendants were negligent per se in violating certain statutes. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.