■ BRANDONN BAEZ, an Infant, by His Parent and Natural Guardian, CARMEN BAEZ, et al., Appellants, v CITY OF NEW ROCHELLE, Defendant, and CITY SCHOOL DISTRICT OF NEW ROCHELLE et al., Respondents. [8 NYS3d 601]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBella, J.), dated January 27, 2014, which granted the motion of the defendants City School District of New Rochelle and New Rochelle Board of Education for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York,* 84 NY2d 44, 49 [1994]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [s]chool defendants is warranted" (*Convey v City of Rye School Dist.,* 271 AD2d 154, 160 [2000]; *see Luciano v Our Lady of Sorrows School,* 79 AD3d 705 [2010]).

Here, the respondents established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the incident occurred in so short a period of time that their alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries (*see Keaveny v Mahopac Cent. School Dist.,* 71 AD3d 955 [2010]; *Eberwein v Newburgh Enlarged City School Dist.,* 31 AD3d 492 [2006]; *Janukajtis v Fallon,* 284 AD2d 428 [2001]). In opposition, the

plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.