■ Nevaeh T. et al., Appellants, v City of New York et al., Respondents, et al., Defendant. [18 NYS3d 415]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated July 8, 2013, as granted those branches of the motion of the defendants City of New York, New York City Department of Education, and Antonio K'Tori, which were for summary judgment dismissing the causes of action alleging negligent supervision, negligent retention of the defendant Simon A. Watts, and liability based upon a theory of respondeat superior, insofar as asserted against the defendant New York City Department of Education.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of New York, New York City Department of Education, and Antonio K'Tori which were for summary judgment dismissing the causes of action alleging negligent supervision, negligent retention of the defendant Simon A. Watts, and liability based upon a theory of respondeat superior, insofar as asserted against the defendant New York City Department of Education, are denied.

The plaintiffs allege that the defendant Simon A. Watts engaged in inappropriate sexual contact with the infant plaintiff over the course of two school years while she was a student in his elementary school class. The complaint asserted, inter alia, causes of action against Watts' employer, the New York City Department of Education (hereinafter the DOE), alleging negligent supervision, negligent retention of Watts, and liability based upon a theory of respondeat superior.

The DOE and the defendants City of New York and Antonio K'Tori jointly moved for, among other things, summary judgment dismissing the causes of action alleging negligent supervision, negligent retention of Watts, and liability based upon a theory of respondeat superior, insofar as asserted against the DOE. The Supreme Court, in an order dated July 8, 2013, granted those branches of their motion. The plaintiffs appeal from that portion of the order, and we reverse the order insofar as appealed from.

"Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d 826, 827 [2015]; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]). "The standard for determining whether the school has breached its duty is to compare the school's supervision

and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *see Mirand v City of New York*, 84 NY2d at 49). "Actual or constructive notice to the school of prior similar conduct generally is required" (*Mathis v Board of Educ. of City of N.Y.*, 126 AD3d 951, 952 [2015]). Similarly, in order to establish a cause of action based on negligent retention of an employee, "it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Shor v Touch-N-Go Farms, Inc.*, 89 AD3d 830, 831 [2011]; *see S.C. v New York City Dept. of Educ.*, 97 AD3d 518, 519-520 [2012]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997]).

Here, the moving defendants failed to establish, prima facie, that the DOE had no specific knowledge or notice of Watts' propensity to engage in the misconduct alleged in the complaint (*see Amandola v Roman Catholic Diocese of Rockville Ctr.*, 130 AD3d 761, 762 [2015]; *Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *Mathis v Board of Educ. of City of N.Y.*, 126 AD3d at 952; *Diana F. v Velez*, 126 AD3d 856, 856-857 [2015]). The evidence submitted by the moving defendants in support of their motion reflected the existence of a triable issue of fact as to whether the DOE had knowledge of Watts' propensities arising from a prior allegation of sexual abuse made by one of Watts' former students (*cf. Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756, 758 [2012]). In addition, the moving defendants' submissions included the deposition testimony of the infant plaintiff in which she stated that the alleged sexual abuse occurred regularly over the course of two school years and that she had once complained of Watts' conduct to an assistant principal. Since the moving defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligent supervision and negligent retention insofar as asserted against the DOE, the Supreme Court should have denied those branches of their motion, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also should have denied that branch of the moving defendants' motion which was for summary judgment dismissing the cause of action alleging liability based upon a theory of respondeat superior insofar as asserted against the DOE. "Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]). Here, the DOE may not be held liable under a theory of respondeat superior for the alleged misconduct committed by Watts, as it is undisputed that those acts were not committed in furtherance of the DOE's business and within the scope of Watts' employment (*see Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d at 758). However, as the plaintiffs correctly contend, the complaint adequately alleged that other employees of the DOE were negligent in the performance of their respective duties, and that such negligence constituted a proximate cause of the infant plaintiff's injuries. In this regard, the moving defendants failed to establish, prima facie, that these other employees were not acting within the scope of their employment (*cf. Selmani v City of New York*, 116 AD3d 943, 944 [2014]), that they were not negligent, or that any such negligence was not a proximate cause of the alleged injuries (*see generally Simmons v Brooklyn Hosp. Ctr.*, 74 AD3d 1174, 1178 [2010]). Accordingly, the Supreme Court should have denied that branch of the moving defendants' motion which was for summary judgment dismissing the cause of action alleging liability based upon a theory of respondeat superior insofar as asserted against the DOE, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.