■ Thomas Sacino, an Infant, by Mary Ann Sacino, His Mother and Natural Guardian, et al., Appellants, v Warwick Valley Central School District, Respondent, et al., Defendants. [29 NYS3d 57]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated January 28, 2015, as granted that branch of the motion of the defendant Warwick Valley Central School District which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 8, 2010, when the infant plaintiff was in the seventh grade, he allegedly was assaulted by a fellow seventh-grade student toward the end of an "advisory period," during which students sought extra help from teachers. In September 2010, the two boys were assigned to the same class in three subjects.

Their schedules were changed after the second week of school, upon the complaint of the infant plaintiff's mother. The infant plaintiff by his mother, and the mother individually, commenced this action against, among others, the defendant Warwick Valley Central School District (hereinafter the School District). The plaintiffs alleged that the School District was negligent in supervising the infant plaintiff and in hiring, training, and supervising the teacher who was in charge of the class at issue on April 8, 2010. The plaintiffs also asserted a cause of action alleging negligent infliction of emotional distress, alleging that the School District violated an order of protection when it assigned the two boys to the same classes at the beginning of the eighth grade academic year. The School District moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted that branch of the motion.

The School District established its prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' negligent supervision cause of action. "Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d 826, 827 [2015]; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Nevaeh T. v City of New York*, 132 AD3d 840, 841 [2015]). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Nevaeh T. v City of New York*, 132 AD3d at 841-842). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *see Mirand v City of New York*, 84 NY2d at 49; *Nevaeh T. v City of New York*, 132 AD3d at 842). "Actual or constructive notice to the school of prior similar conduct generally is required" (*Mathis v Board of Educ. of City of N.Y.*, 126 AD3d 951, 952 [2015]; *see Nevaeh T. v City of New York*, 132 AD3d at 842). Here, the School District established, prima facie, that the alleged assault by the fellow student was an unforeseeable act and that it had no actual or constructive

notice of prior conduct similar to the subject incident (*see Maldari v Mount Pleasant Cent. Sch. Dist.*, 131 AD3d 1019, 1020 [2015]; *Harrington v Bellmore-Merrick Cent. High Sch. Dist.*, 113 AD3d 727, 727-728 [2014]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805-806 [2012]; *Morman v Ossining Union Free School Dist.*, 297 AD2d 788, 789 [2002]). In any event, the School District established, prima facie, that the incident occurred in so short a period of time that any negligent supervision on its part was not a proximate cause of the infant plaintiff's injuries (*see Baez v City of New Rochelle*, 128 AD3d 993 [2015]; *Keith S. v East Islip Union Free School Dist.*, 96 AD3d 927, 928 [2012]; *Nocilla v Middle Country Cent. School Dist.*, 302 AD2d 573, 574 [2003]; *Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact as to this claim (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The School District also submitted evidence sufficient to establish its prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' negligent infliction of emotional distress cause of action. A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him which unreasonably endangered his physical safety, or caused him to fear for his own safety (*see Taggart v Costabile*, 131 AD3d 243, 253 [2015]; *Santana v Leith*, 117 AD3d 711, 712 [2014]; *Schultes v Kane*, 50 AD3d 1277, 1278 [2008]). Even if the School District was aware that an order of protection had been issued against the fellow student in favor of the infant plaintiff and that the School District was negligent in assigning the two boys to the same three classes for a period of two weeks, approximately five months after the incident, the School District established, prima facie, that this did not unreasonably endanger the infant plaintiff's physical safety, or cause him to fear for his own safety. In opposition, the plaintiffs failed to raise a triable issue of fact as to this claim (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

We note that, on appeal, the plaintiffs have abandoned their claim that the School District was negligent in hiring, training, and supervising its employee (*see Melious v Besignano*, 125 AD3d 727, 729 [2015]; *Hoffman v Colleluori*, 85 AD3d 1119, 1121 [2011]).

The plaintiffs asserted for the first time in opposition to the motion that the School District violated various statutory provisions. "While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an

unpleaded cause of action which is supported by the plaintiff's submissions," here, the plaintiffs' protracted delay in presenting the new theories of liability warrants the rejection of these new claims (*Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]; *see Balashanskaya v Polymed Community Care Ctr., P.C.*, 122 AD3d 558, 559 [2014]; *Begley v City of New York*, 111 AD3d 5, 35 [2013]).

Accordingly, the Supreme Court properly granted that branch of the School District's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.