Deb B. v Longwood Cent. Sch. Dist. (2018 NY Slip Op 07280)





Deb B. v Longwood Cent. Sch. Dist.


2018 NY Slip Op 07280


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-05692
 (Index No. 8238/12)

[*1]Deb B. (Anonymous), etc., respondent, 
v
Longwood Central School District, et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon,Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellants.
Ray, Mitev & Associates, Miller Place, NY (Vesselin Mitev of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, the defendants appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 27, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
In 2011, Deb B. was a special education student at Longwood High School. After arriving at school one morning, she entered the building in the company of JG, another special education student who had been a passenger with her on the same school bus. After stopping by the school's cafeteria, and before the first-period class, JG asked Deb B. to accompany him outside the school building to the bleachers near the athletic field, and Deb B. agreed to do so. Deb B. alleges that JG then sexually assaulted her while they were on the bleachers.
Deb B., by her mother and natural guardian, commenced this action against the Longwood Central School District and two of its administrators, asserting causes of action alleging: (1) negligent supervision; (2) a violation of 42 USC § 1983; and (3) a violation of 20 USC § 1412 based on the failure to provide a free and appropriate education to a child with disabilities. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion, and the defendants appeal.
"Under the doctrine that a school district acts in loco parentis with respect to its minor students, a school district owes a special duty' to the students themselves" (Ferguson v City of New York, 118 AD3d 849, 850, quoting Pratt v Robinson, 39 NY2d 554, 560). Thus, schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49; Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 827). "Schools are not, however, insurers of students' safety and cannot reasonably be expected to continuously supervise and control all movements and activities of students'" (Stephenson v City of New York, 19 NY3d 1031, 1033, quoting Mirand v City of New York, 84 NY2d at 49). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Timothy [*2]Mc. v Beacon City Sch. Dist., 127 AD3d at 828; see David v County of Suffolk, 1 NY3d 525, 526).
Here, in support of their motion for summary judgment, the defendants submitted evidence that Deb B.'s individualized education plan did not provide for a school aide to escort her from the school bus to the school building or to escort her throughout the building as she moved between classes. Deb B.'s mother testified that she was aware that Deb B. was not so escorted, and that she had no expectation that this would be done. The evidence submitted by the defendants also indicated that Deb B. had no history of leaving the school building improperly. Finally, neither the complaint nor the bill of particulars alleged that JG had a propensity to engage in dangerous conduct, or that the defendants knew or should have known of any such propensity (cf. Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832; Timothy Mc. v Beacon City Sch. Dist., 127 AD3d at 828). Under these circumstances, the defendants made a prima facie showing of their entitlement to summary judgment dismissing the first cause of action alleging negligent supervision (see Williams v Weatherstone, 23 NY3d 384, 402-403; Stephenson v City of New York, 19 NY3d 1031, 1034; Chalen v Glen Cove School Dist., 29 AD3d 508, 509-510). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging negligent supervision.
The Supreme Court also should have granted those branches of the defendants' motion which were for summary judgment dismissing the second and third causes of action. With respect to the second cause of action alleging a violation of 42 USC § 1983, the defendants established, prima facie, that they did not violate Deb B.'s constitutional rights (see Smith v Guilford Bd. of Educ., 226 Fed Appx 58, 61-62 [2d Cir]; Reid ex rel. Roz B. v Freeport Pub. Sch. Dist., 89 F Supp 3d 450, 459 [ED NY]). In opposition, the plaintiffs failed to raise a triable issue of fact. With respect to the third cause of action alleging a violation of 20 USC § 1412, the complaint seeks only monetary damages, which are not available for the violation of that statute (see Polera v Board of Educ. of Newburgh Enlarged City Sch. Dist., 288 F3d 478, 485 [2d Cir]).
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court