Meyer v Magalios (2019 NY Slip Op 02336)





Meyer v Magalios


2019 NY Slip Op 02336


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-02913
 (Index No. 14505/13)

[*1]Christopher George Meyer, et al., respondents,
v
John Magalios, et al., defendants, Lindenhurst Union Free School District, etc., appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellant.
Wagner, Doman & Leto, P.C., Mineola, NY (Salvatore J. Leto of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Lindenhurst Union Free School District, also sued herein as Lindenhurst Public Schools and Lindenhurst High School, appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated January 30, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendant Lindenhurst Union Free School District, also sued herein as Lindenhurst Public Schools and Lindenhurst High School, which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiffs Christopher George Meyer and Dawn Marie Meyer.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Lindenhurst Union Free School District, also sued herein as Lindenhurst Public Schools and Lindenhurst High School, which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiffs Christopher George Meyer and Dawn Marie Meyer is granted.
On April 23, 2012, when the plaintiff Christopher George Meyer (hereinafter the injured plaintiff) was in the 11th grade, he allegedly was assaulted by a fellow classmate, who was in the 12th grade, during an incident which lasted approximately 20 to 30 seconds. The incident occurred while the two boys were in a classroom, during the start of their fifth period class at Lindenhurst High School, after the injured plaintiff walked by the other student and called him "fat." When the incident began, the classroom teacher was standing in the hallway ushering other students into the classroom and/or conversing with another teacher.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries. They asserted a cause of action alleging negligent supervision, among other things, against the defendant Lindenhurst Union Free School District, also sued herein as Lindenhurst Public Schools and Lindenhurst High School (hereinafter the School District). The School District moved [*2]for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion, except with respect to the causes of action asserted against the School District by the plaintiff William Meyer. The School District appeals.
The School District established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision. "Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 827; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297; Sacino v Warwick Val. Cent. Sch. Dist., 138 AD3d 717; Nevaeh T. v City of New York, 132 AD3d 840, 841). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d at 828; see Mirand v City of New York, 84 NY2d 44; Nevaeh T. v City of New York, 132 AD3d at 841-842). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d at 828; see Mirand v City of New York, 84 NY2d at 49; Nevaeh T. v City of New York, 132 AD3d at 842). "Actual or constructive notice to the school of prior similar conduct generally is required" (Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952; see Nevaeh T. v City of New York, 132 AD3d at 842).
Here, the School District established, prima facie, that the alleged assault by the fellow student was an unforeseeable act and that the School District had no actual or constructive notice of prior conduct of the students involved here which was similar to the subject incident (see Maldari v Mount Pleasant Cent. Sch. Dist., 131 AD3d 1019; Harrington v Bellmore-Merrick Cent. High Sch. Dist., 113 AD3d 727; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804; Morman v Ossining Union Free School Dist., 297 AD2d 788). Moreover, the School District established, prima facie, that "the incident occurred in so short a period of time that any negligent supervision on its part was not a proximate cause of the infant plaintiff's injuries" (Sacino v Warwick Val. Cent. Sch. Dist., 138 AD3d at 719; see Baez v City of New Rochelle, 128 AD3d 993; Keith S. v East Islip Union Free School Dist., 96 AD3d 927; Nocilla v Middle Country Cent. School Dist., 302 AD2d 573; Janukajtis v Fallon, 284 AD2d 428). In opposition, the plaintiffs failed to raise a triable issue of fact as to this claim (see Zuckerman v City of New York, 49 NY2d 557). Thus, the Supreme Court should have granted that branch of the School District's motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against it by the plaintiffs Christopher George Meyer and Dawn Marie Meyer.
The Supreme Court also should have granted those branches of the School District's motion which were for summary judgment dismissing the other causes of action insofar as asserted against it by the plaintiffs Christopher George Meyer and Dawn Marie Meyer. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Wise v Filincieri, 163 AD3d 609, 609; Bader v River Edge at Hastings Owners Corp., 159 AD3d 780, 781). However, if the defendant is a municipality, the plaintiff may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that "substantially alter" the nature of the claim or add a new theory of liability (Finke v City of Glen Cove, 55 AD3d 785, 786 [internal quotation marks omitted]; see O'Connor v Huntington U.F.S.D., 87 AD3d 571).
Here, in addition to the cause of action alleging negligent supervision, which was asserted in the notice of claim, the complaint and bill of particulars contain allegations that the School District, among other things, failed to prevent the other student from interfering with the injured plaintiff's educational performance; failed to detain, suspend, and remove the other student from the presence of the injured plaintiff; failed to file a PINS (person in need of supervision) petition against the other student; and failed to provide a copy of the school's code of conduct to teachers and parents of the students. By submitting evidence that the notice of claim did not mention [*3]these causes of action and legal theories, the School District established its prima facie entitlement to judgment as a matter of law dismissing all of the causes of action, other than negligent supervision, that were asserted in the complaint and bill of particulars against the School District (see O'Connor v Huntington U.F.S.D., 87 AD3d 571).
Accordingly, the Supreme Court should have granted that branch of the School District's motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiffs Christopher George Meyer and Dawn Marie Meyer.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court