Wienclaw v East Islip Union Free Sch. Dist. (2021 NY Slip Op 08277)





Wienclaw v East Islip Union Free Sch. Dist.


2021 NY Slip Op 08277


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-11264
 (Index No. 602146/17)

[*1]Linda Wienclaw, etc., respondent, 
v
East Islip Union Free School District, etc., appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Charles N. Pizzolo (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated September 11, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced the instant action on behalf of her son (hereinafter the child), alleging negligent supervision and negligent training by the defendant. The plaintiff alleged that the defendant allowed the child to be assaulted by nonparty J.P. while at school. The defendant moved for summary judgment dismissing the complaint and provided evidence that the assistant principal of the school was informed a few days prior to the assault that J.P. intended to fight with someone. The assistant principal warned J.P. of the consequences of fighting with anyone, which included suspension, and informed J.P.'s mother of the alleged threat and of the consequences to J.P. if he engaged in any fighting. J.P. did not tell the assistant principal the name of the intended target, and denied any intention to fight with anyone. Nonetheless, the assistant principal advised the head of school security that it was rumored that J.P. was intending to fight someone.
The Supreme Court denied the defendant's motion, finding that the defendant failed to demonstrate, prima facie, that the alleged assault was not foreseeable, or that its alleged lack of supervision was not a proximate cause of the child's injuries, and that the defendant failed to submit any evidence demonstrating that the defendant did not have reason to know of any of its employees' alleged misconduct to warrant dismissal of the claim of negligent training.
"Under the doctrine that a school district acts in loco parentis with respect to its minor students, a school district owes a 'special duty' to the students themselves" (Ferguson v City of New York, 118 AD3d 849, 850, quoting Pratt v Robinson, 39 NY2d 554, 560). Thus, schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries [*2]proximately related to the absence of adequate supervision (see Deb B. v Longwood Cent. Sch. Dist., 165 AD3d 1212, 1212-1213). "Schools are not, however, insurers of students' safety and 'cannot reasonably be expected to continuously supervise and control all movements and activities of students'" (Stephenson v City of New York, 19 NY3d 1031, 1033, quoting Mirand v City of New York, 84 NY2d 44, 49). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828). A necessary element of a cause of action alleging negligent supervision is that the district knew or should have known of J.P.'s propensity for violence (see id. at 828). The defendant established that the complaint and bill of particulars did not allege that J.P. had a propensity to engage in violence or that the district knew or should have known that J.P. had a propensity for violence (see Deb B. v Longwood Cent. Sch. Dist., 165 AD3d at 1213).
The defendant established, prima facie, that it was not made aware of any particularized threat against the child. Furthermore, the evidence presented by the defendant established that the assistant principal took reasonable steps to prevent J.P. from fighting by warning J.P. about the consequences of fighting, informing his mother of the alleged threat and the consequences of fighting, and informing the head of school security that there was an alleged threat that J.P. intended to fight someone, notwithstanding that the assistant principal was not aware of J.P.'s intended target. Under these circumstances, the defendant reasonably responded to a rumor of a threat and could not have anticipated that J.P. would have attacked the child two days later (see Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424). Further, the defendant established that "the incident occurred in so short a period of time that any negligent supervision on its part was not a proximate cause of the infant plaintiff's injuries" (Meyer v Magalios, 170 AD3d 1163, 1165 [internal quotation marks omitted]). Finally, the defendant established, prima facie, that no claim may proceed for negligent training. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training" (Timothy Mc. v Beacon City School Dist., 127 AD3d at 829 [internal quotation marks omitted]). Here, the evidence submitted by the defendant demonstrated that the assistant principal was acting within the scope of his employment.
In opposition, the plaintiff failed to raise a triable issue of fact to defeat summary judgment.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court