Anonymous v Anonymous (2024 NY Slip Op 05303)

Anonymous v Anonymous

2024 NY Slip Op 05303

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 101183/20 Appeal No. 2907 Case No. 2023-03150 

[*1]Anonymous, Plaintiff-Appellant,
v
Anonymous et al., Defendants-Respondents. 

Anonymous, appellant pro se.
Walden Macht & Haran LLP, New York (Daniel Chirlin of counsel), for the Northeastern Team respondent.
Guha PLLC, New York (Kelly Mcgee of counsel), for the Union respondent.
Kobre & Kim LLP, New York (Steven G. Kobre of counsel), for the League respondent.
Lewis Baach Kaufman Middlesmiss PLLC, New York (Elizabeth Velez of counsel), for the Southern Team respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about May 10, 2023, which granted defendants' motions to dismiss the amended complaint, unanimously affirmed, without costs.
By failing to raise any argument regarding the nonplayer defendants, plaintiff abandoned all her claims except those for negligent infliction of emotional distress and aiding and abetting retaliation (see Weis v Rheem, Bell & Freeman, LLP, 217 AD3d 538, 539 [1st Dept 2023]).
Plaintiff failed to show she was an intended third-party beneficiary of the parties' collective bargaining agreement (CBA), as others could enforce its provisions, and the language did not support an intention to provide her with any rights (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018]). For that reason, plaintiff failed to identify a source of duty from defendants that would support her negligent infliction claim (Sacino v Warwick Val. Cent. Sch. Dist., 138 AD3d 717, 719 [2d Dept 2016]). That claim was also properly dismissed because no claim for emotional harm will lie for breach of a duty based on contract (Wehringer v Standard Sec. Life Ins. Co. of N.Y., 57 NY2d 757, 759 [1982]).
Furthermore, since plaintiff was not a beneficiary of the CBA, she could not sue for a breach of its anti-retaliation provisions. Moreover, even if she could, she failed to identify any conduct of defendants to "aid and abet" the breach, other than inaction, which is insufficient as a matter of law (Land v Forgione, 177 AD3d 862, 864 [2d Dept 2019]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024