J.J. v Mineola Sch. Dist. (2024 NY Slip Op 05580)

J.J. v Mineola Sch. Dist.

2024 NY Slip Op 05580

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-10262
 (Index No. 900067/21)

[*1]J.J., appellant, 
v
Mineola School District, et al., respondents.

Herman Law, New York, NY (Jeffrey Herman, Stuart S. Mermelstein, Kenneth Kim, and Vanessa A. Neal of counsel), for appellant.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (Brian R. Davey of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated August 29, 2023. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
In June 2021, the plaintiff commenced this action pursuant to CPLR 214-g against the defendants, Mineola School District and Mineola Middle School, to recover damages for personal injuries. The plaintiff alleged that the defendants had notice of sexual abuse committed by a teacher upon the plaintiff when the plaintiff was a student at the defendants' school during the 2013-2014 school year and that the defendants negligently failed to prevent the abuse. The defendants moved for summary judgment dismissing the complaint, contending that they did not have actual or constructive notice of the alleged sexual abuse. The plaintiff opposed the motion. In an order dated August 29, 2023, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635, [citations and internal quotation marks omitted]; see Sayegh v City of Yonkers, 228 AD3d 690, 691; Jackson v New York Univ. Downtown Hosp., 69 AD3d 801, 801). "'[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097, quoting Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161; see Hammill v Salesians of Don Bosco, 228 AD3d 738, 739).
"A school 'has a duty to exercise the same degree of care toward its students as would [*2]a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision'" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723, quoting Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d 1102, 1102; see Tutaj v Seaford Union Free Sch. Dist., 179 AD3d 968, 969). "'The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information'" (Nevaeh T. v City of New York, 132 AD3d 840, 841-842, quoting Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 847). "'The adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury'" (Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d 1007, 1008, quoting RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 748; see J.S. v Ramapo Cent. Sch. Dist., 205 AD3d 947, 949). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d at 828; see Kwitko v Camp Shane, Inc., 224 AD3d at 896). "'Actual or constructive notice to the school of prior similar conduct generally is required'" (Nevaeh T. v City of New York, 132 AD3d at 842, quoting Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952; see Sayegh v City of Yonkers, 228 AD3d at 691-692).
Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the teacher's alleged abusive propensities and conduct (see Sayegh v City of Yonkers, 228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847-848; Kwitko v Camp Shane, Inc., 224 AD3d 895, 896). In particular, the defendants submitted a transcript of the plaintiff's deposition testimony, in which the plaintiff testified that the principal and other teachers were aware of the teacher's inappropriate behavior, which occurred multiple times throughout the school year in a classroom on the defendants' premises during school hours (see Sayegh v City of Yonkers, 228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847-848; Nevaeh T. v City of New York, 132 AD3d at 842; cf. KM v Fencers Club, Inc., 164 AD3d 891, 892-893).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court