Sallustio v Southern Westchester Bd. of Coop. Educ. Servs. (2025 NY Slip Op 00690)

Sallustio v Southern Westchester Bd. of Coop. Educ. Servs.

2025 NY Slip Op 00690

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-02258
 (Index No. 53505/21)

[*1]Linda Sallustio, appellant, 
v
Southern Westchester Board of Cooperative Educational Services, et al., respondents.

Weitz & Luxenberg, P.C., New York, NY (Jared Lacertosa of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Stephanie M. Roebuck, Andrew P. Tureaud, and Suzanne E. Volpe of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated January 5, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action are denied.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging, among other things, that the defendants negligently failed to prevent sexual abuse perpetrated by their employee, a teacher (hereinafter the teacher), upon the plaintiff from 1968 to 1970. Thereafter, the defendants moved for summary judgment dismissing the complaint. The defendants contended, inter alia, that they did not have actual or constructive notice of the teacher's alleged propensity to engage in sexual abuse or of the abuse he allegedly perpetrated upon the plaintiff. In an order dated January 5, 2024, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action, alleging, respectively, negligence, negligent hiring, negligent supervision and training, and negligent retention of the teacher. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, [training,] and supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]; see Hammill v Salesians of Don Bosco, 228 AD3d 738, 739). "To establish a cause of action based on negligent hiring, negligent retention, [negligent training,] or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846 [internal quotation marks omitted]; see Nevaeh T. v City of New York, 132 AD3d 840, 842). "The employer's negligence lies in having placed the employee in [*2]a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring, . . . retention, [training,] or supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]; see Hammill v Salesians of Don Bosco, 228 AD3d at 739).
Moreover, "[a]n entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 895-896 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [internal quotation marks omitted]; see Volkel v Smithtown Gospel Tabernacle, 231 AD3d 1088, 1089). "Where alleged negligent supervision results in injuries related to an individual's intentional acts, the plaintiff generally must establish as an element of the claim that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [alteration and internal quotation marks omitted]; see Sayegh v City of Yonkers, 228 AD3d at 691). "Therefore, actual or constructive notice to the school of prior similar conduct generally is required" (Sayegh v City of Yonkers, 228 AD3d at 691 [alterations and internal quotation marks omitted]; see Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952). Nonetheless, "the adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [alterations and internal quotation marks omitted]; see J.S. v Ramapo Cent. Sch. Dist., 205 AD3d 947, 949).
Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the teacher's alleged abusive propensities and conduct (see Sayegh v City of Yonkers, 228 AD3d at 692; Kwitko v Camp Shane, Inc., 224 AD3d at 896). In particular, given the frequency of the alleged abuse, which occurred once or twice per week over the course of three school years in the same closet while the teacher left the other students in his class unattended, the defendants failed to eliminate triable issues of fact as to whether they should have known of the abuse (see Stanton v Longwood Cent. Sch. Dist., _____ AD3d _____, _____, 2024 NY Slip Op 06600, *8-9; C.M. v West Babylon Union Free Sch. Dist., 231 AD3d 809, 812-813). Additionally, the defendants failed to eliminate triable issues of fact as to whether their supervision of the teacher was negligent (see C.M. v West Babylon Union Free Sch. Dist., 231 AD3d at 813; Sayegh v City of Yonkers, 228 AD3d at 692).
Further, although the plaintiff alleged acts of sexual abuse that occurred outside of school premises and school hours, the defendants' submissions showed that those alleged acts were preceded by instances when the plaintiff allegedly was sexually abused by the teacher during school hours on a regular basis. Under these circumstances, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second, fourth, fifth, and sixth causes of action with respect to the allegations of sexual abuse outside of school premises (see PB-20 Doe v St. Nicodemus Lutheran Church, 228 AD3d 1233, 1237-1238; Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court