Doe v Yeshiva of Brooklyn (2026 NY Slip Op 01769)

Doe v Yeshiva of Brooklyn

2026 NY Slip Op 01769

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2025-08807
 (Index No. 512993/20)

[*1]John Doe, appellant-respondent,
vYeshiva of Brooklyn, etc., et al., respondents-appellants, et al., defendant.

Sullivan Papain Block McManus Coffinas & Cannavo P.C., Garden City, NY (Christopher J. DelliCarpini and Stephen C. Glasser of counsel), for appellant-respondent.
Feinberg & Gasbarro, LLP, Ossining, NY (Jeffrey Gasbarro of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Yeshiva of Brooklyn and Rabbi Shlomo Mandel cross-appeal, from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated June 18, 2025. The order, insofar as appealed from, granted that branch of the motion of the defendants Yeshiva of Brooklyn and Rabbi Shlomo Mandel which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging vicarious liability. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants Yeshiva of Brooklyn and Rabbi Shlomo Mandel which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent supervision, negligent retention, negligent failure to train, and negligent failure to warn.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants, alleging that, while he was a child attending Yeshiva of Brooklyn (hereinafter YOB), he was sexually abused by one of YOB's employees, Rabbi Yehuda Nussbaum, while Rabbi Shlomo Mandel was the principal of YOB. YOB and Mandel moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. In an order dated June 18, 2025, the Supreme Court, inter alia, granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging vicarious liability and denied those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent supervision, negligent retention, negligent failure to train, and negligent failure to warn. The plaintiff appeals, and YOB and Mandel cross-appeal.
"'In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference'" (Georgiou v Sacred Patriarchal & Stravropegial Orthodox Monastery of St. Irene Chrysovalantou, 242 AD3d 950, 951, [*2]quoting Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 668-669).
The Supreme Court properly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging vicarious liability. "'Under the common-law doctrine of respondeat superior, an employer . . . may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment'" (Georgiou v Sacred Patriarchal & Stravropegial Orthodox Monastery of St. Irene Chrysovalantou, 242 AD3d at 951, quoting Rivera v State of New York, 34 NY3d 383, 389). "[T]he employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251). "An employer is not liable for assaults or other criminal acts committed by an employee under the theory of respondeat superior where those acts are not in furtherance of the business or within the scope of the employment" (Georgiou v Sacred Patriarchal & Stravropegial Orthodox Monastery of St. Irene Chrysovalantou, 242 AD3d at 951; see Rivera v State of New York, 34 NY3d at 391). Here, there are no allegations suggesting that Nussbaum's alleged acts were done in furtherance of YOB's business or within the scope of Nussbaum's employment. Although the plaintiff contends that YOB and Mandel ratified Nussbaum's abuse, no such ratification could arise here, where Nussbaum's alleged acts were not done under the guise of any authority from YOB or Mandel (see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551; Doe 7015 v Elektra Entertainment Group Inc., 2023 WL 2744102, *5, 2023 US Dist LEXIS 57142, *13-15 [SD NY, No. 21 Civ 6868 (JPC)]).
The Supreme Court also properly denied those branches of the motion of YOB and Mandel which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent supervision, negligent retention, negligent failure to train, and negligent failure to warn. "Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, [training,] and supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]; see Hammill v Salesians of Don Bosco, 228 AD3d 738, 739). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring, [training,] . . . retention, or supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]; see T.F. v Clarkstown Cent. Sch. Dist., 238 AD3d 988, 989).
"To establish a cause of action based on negligent hiring, negligent retention, [negligent training,] or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (MCVAWCD-DOE v Columbus Ave. Elementary School, 225 AD3d 845, 846 [internal quotation marks omitted]; see Nevaeh T. v City of New York, 132 AD3d 840, 842). Contrary to YOB's contention, the amended complaint sufficiently pleaded that YOB knew or should have known of Nussbaum's propensity for the alleged conduct (see Georgiou v Sacred Patriarchal & Stravropegial Orthodox Monastery of St. Irene Chrysovalantou, 242 AD3d at 952).
LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court