Sullivan v St. Ephrem R.C. Parish Church (2023 NY Slip Op 01207)

Sullivan v St. Ephrem R.C. Parish Church

2023 NY Slip Op 01207

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00238
 (Index No. 505326/21)

[*1]Peter Sullivan, appellant, 
v
St. Ephrem Roman Catholic Parish Church, et al., defendants, Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania, respondent.

Sweeney, Reich & Bolz, LLP, Lake Success, NY (Gerard J. Sweeney, Michael G. Dowd, and Michael H. Reich of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Michael O'Brien of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, the plaintiff appeals from an order of the Supreme Court, Kings County (Deborah A. Kaplan, J.), dated December 14, 2021. The order granted the motion of the defendant Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent supervision and negligent failure to warn insofar as asserted against it, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action pursuant to CPLR 214-g, known as the Child Victims Act, against the defendants, asserting causes of action alleging negligent supervision, negligent failure to warn, negligent failure to provide a safe and secure environment, and negligent failure to train. As is relevant to this appeal, the plaintiff alleged that while a minor and a student at St. Ephrem Catholic Academy operated by the defendant Congregation of the Sisters Servants of the Immaculate Heart of Mary, Scranton, Pennsylvania (hereinafter the defendant), the school principal, who was an employee of or under the control of the defendant, directed the plaintiff to see a certain priest for discipline after the plaintiff misbehaved. The plaintiff alleged that on multiple occasions after he was sent to the rectory for discipline, the priest molested him. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order dated December 14, 2021, the Supreme Court granted the motion. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of [*2]every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity (see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 162).
"Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (id.). Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable (see id.; Mirand v City of New York, 84 NY2d 44, 49).
The complaint alleges, among other things, that the defendant knew or should have known of the priest's propensity to molest children, that the defendant had a duty to exercise the same duty of care of supervision over its minor students as a reasonably prudent parent would, and that the defendant breached its duty to adequately supervise the plaintiff which caused him to be sexually abused by the priest. Accordingly, the Supreme Court erred in determining that the plaintiff did not sufficiently plead a cause of action alleging negligent supervision (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 744-745; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596; Doe v Ascend Charter Schs., 181 AD3d 648). Contrary to the defendant's contention, the fact that the sexual abuse occurred off school premises does not require dismissal of the cause of action alleging negligent supervision since, here, the plaintiff has alleged that the defendant released the plaintiff into a potentially hazardous situation and directed him to see a certain priest for discipline knowing that the priest had a propensity to sexually abuse children (see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 671). Additionally, the criminal intervention of a third party may be a reasonably foreseeable consequence of circumstances created by the defendant, for example where, as here, the plaintiff was permitted to meet with the priest, a person who allegedly had a propensity to abuse children, alone and behind closed doors (see Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946; Murray v Research Found. of State Univ. of N.Y., 283 AD2d 995, 996).
We also find that the Supreme Court erred in determining that the cause of action alleging negligent failure to warn was subject to dismissal because it was duplicative of the cause of action alleging negligent supervision. Contrary to the court's determination, these causes of action are based on distinctive facts, one based on failing to warn the plaintiff about the priest and the other based on the defendant's failure to adequately supervise the plaintiff (see e.g. Kreher v Polaris Industries, Inc., 2020 WL 7263285, *4, 2020 US Dist LEXIS 231810, *11-12 [SD Ill, No. 20-CV-126-DWD (DWD)]).
The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging negligent failure to train insofar as asserted against it. The plaintiff alleged, among other things, that the defendant had a duty to train its employees not to sexually abuse the minor students in the defendant's care. Since the priest was not alleged to be an employee of the defendant, there could be no causal nexus between the defendant's breach of its duty to train its employees and the priest's sexual abuse of the plaintiff.
The parties' remaining contentions are either without merit or need not be reached in light of the foregoing.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court