Burdo v Cold Spring Harbor Cent. Sch. Dist. (2023 NY Slip Op 04748)

Burdo v Cold Spring Harbor Cent. Sch. Dist.

2023 NY Slip Op 04748

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-04833
 (Index No. 27376/12)

[*1]Colin Burdo, appellant, 
v
Cold Spring Harbor Central School District, respondent.

McCarthy & Carbone, P.C., Hauppauge, NY (Patrick C. McCarthy of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 25, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In June 2011, the plaintiff, a 6th-grade student enrolled in the defendant school district, allegedly was assaulted, harassed, and subjected to bullying by other students during an incident that occurred while the plaintiff was attending an overnight school trip. The plaintiff subsequently commenced this action, alleging, inter alia, negligent supervision by the defendant. The defendant moved for summary judgment dismissing the complaint. In an order dated February 25, 2020, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals, and we affirm.
"'Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision'" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 752, quoting Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 827). "However, schools are not the insurers of the safety of their students" (Armellino v Thomase, 72 AD3d 849, 849; see Wienclaw v East Islip Union Free Sch. Dist., 192 AD3d 945, 946). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or [*2]should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 753). "Actual or constructive notice to the school of prior similar conduct generally is required" (Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952; see Meyer v Magalios, 170 AD3d 1163, 1165).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint. In support of its motion, the defendant submitted evidence demonstrating that the defendant had no actual or constructive notice of prior conduct by the students allegedly involved herein that was similar to the subject incident (see Meyer v Magalios, 170 AD3d at 1165; Maldari v Mount Pleasant Cent. Sch. Dist., 131 AD3d 1019, 1020). In opposition, the plaintiff failed to raise a triable issue of fact (see Meyer v Magalios, 170 AD3d at 1165). The plaintiff's reliance on his deposition testimony, which contradicted his earlier testimony given at the General Municipal Law § 50-h hearing, raised only a feigned factual issue and was insufficient to defeat the defendant's prima facie showing (see Ventura v County of Nassau, 175 AD3d 620, 621).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court