Kaul v Brooklyn Friends Sch. (2023 NY Slip Op 05396)

Kaul v Brooklyn Friends Sch.

2023 NY Slip Op 05396

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-04339
 (Index No. 512634/20)

[*1]Maya Kaul, respondent, 
v
Brooklyn Friends School, et al., appellants, et al., defendant.

Venable LLP, New York, NY (Michael J. Volpe and Doreen S. Martin of counsel), for appellants.
Rheingold Giuffra Ruffo & Plotkin LLP, New York, NY (Sherri L. Plotkin and Jeremy Hellman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Brooklyn Friends School and Vanessa Aird appeal from an order of the Supreme Court, Kings County (Deborah A. Kaplan, J.), dated March 31, 2022. The order, insofar as appealed from, granted the plaintiff's cross-motion pursuant to CPLR 3025 for leave to amend the complaint, and denied those branches of the motion of the defendants Brooklyn Friends School and Vanessa Aird which were, in effect, pursuant to CPLR 3211(a) to dismiss the first, second, third, and fifth causes of action in the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"[O]n a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant 'bears the initial burden of [establishing], prima facie, that the time in which to sue has expired'" (Schearer v Fitzgerald, 217 AD3d 980, 981, quoting Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778). CPLR 214-g, enacted as part of the Child Victims Act (hereinafter the CVA), "provides a revival window for civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover damages for injuries suffered as a result of 'conduct which would constitute a sexual offense as defined in article [130] of the penal law committed against a child less than eighteen years of age, incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age, or the use of a child in a sexual performance as defined in section 263.05 of the penal law'" (Anonymous v Castagnola, 210 AD3d 940, 941, quoting CPLR 214-g; see S.H. v Diocese of Brooklyn, 205 AD3d 180, 184). Here, the plaintiff's causes of action were brought under the CVA, which revived the time to commence her civil action (see Meyer v State of New York, 213 AD3d 753, 756; Anonymous v Castagnola, 210 AD3d at 942-943). Accordingly, the Supreme Court properly denied those branches of the motion of the defendants Brooklyn Friends School (hereinafter BFS) and Vanessa Aird (hereinafter together the defendants) which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss the causes of action to recover damages for negligent supervision, negligent hiring and retention, negligent training, and intentional infliction of emotional distress in the amended complaint insofar as asserted against them.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 752, quoting Leon v Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 635). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967).
"Schools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 827; see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 752). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d at 828; see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 753). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 753; see Mirand v City of New York, 84 NY2d 44, 49; Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984). Similarly, to establish a cause of action based on negligent hiring and retention, "it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984).
The plaintiff alleged in the amended complaint, inter alia, that she was a student of BFS, that Aird and the nurse who allegedly abused the plaintiff were employees of BFS, that BFS knew or should have known about its employees' propensity to engage in such conduct, and that the conduct occurred during school activities and during times at which the plaintiff was under BFS's supervision and care, custody, and control. Here, at the pleading stage of the litigation, where the plaintiff's allegations in the amended complaint are accepted as true and are accorded the benefit of every possible favorable inference, the causes of action to recover damages for negligent supervision, negligent hiring and retention, and negligent training of Aird and the nurse were sufficiently pleaded (see Davila v Orange County, 215 AD3d at 635; Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105; cf. Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for negligent supervision, negligent hiring and retention, and negligent training in the amended complaint insofar as asserted against them.
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710; see Novak v Sisters of the Heart of Mary, 210 AD3d at 1106). Here, accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, Aird's alleged conduct would be sufficiently outrageous in character and extreme in degree to support a cause of action to recover damages for intentional infliction of emotional distress (see Novak v Sisters of the Heart of Mary, 210 AD3d at 1106; Eskridge v Diocese of Brooklyn, 210 AD3d 1056, 1058; see generally Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 101). The plaintiff also sufficiently pleaded a causal connection between Aird's allegedly outrageous conduct and the plaintiff's alleged injuries (see Novak v Sisters of the Heart of Mary, 210 AD3d at 1106; Eskridge v Diocese of Brooklyn, 210 AD3d at 1058). Moreover, this cause of action is not duplicative of the causes of action sounding in negligence (see Novak v Sisters of the Heart of Mary, 210 AD3d at 1106; Eskridge v Diocese of Brooklyn, 210 AD3d at 1058). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the cause of action [*2]to recover damages for intentional infliction of emotional distress in the amended complaint insofar as asserted against them.
The parties' remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court