Kwitko v Camp Shane, Inc. (2024 NY Slip Op 01005)

Kwitko v Camp Shane, Inc.

2024 NY Slip Op 01005

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-02454
 (Index No. 59823/20)

[*1]Seth Kwitko, appellant,
v
Camp Shane, Inc., respondent, et al., defendants.

Greenstein & Milbauer, LLP (Arnold E. DiJoseph, P.C., Staten Island, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Goldberg Segalla, LLP, Buffalo, NY (William T. O'Connell, Michael E. Appelbaum, and James M. Specyal of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated February 21, 2023. The order granted the motion of the defendant Camp Shane, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Camp Shane, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleges, inter alia, that the defendant Camp Shane, Inc. (hereinafter Camp Shane), an overnight summer camp for children, negligently failed to prevent sexual abuse allegedly perpetrated upon the plaintiff in 1984 and 1985 by one of its employees, a camp counselor (hereinafter the counselor). Camp Shane moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, among others, that it did not have actual or constructive notice of the counselor's alleged propensity to engage in sexual abuse or of the abuse that he allegedly perpetrated. In an order dated February 21, 2023, the Supreme Court granted Camp Shane's motion. The plaintiff appeals.
"An entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Carpaneto v Middle Bay Golf Club, 184 AD3d 799, 800; see Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920, 921). "The standard for determining whether the [entity] has breached its duty is to compare the [entity's] supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 753 [internal quotation marks omitted]; see Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828). "'Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [entity] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were [*2]foreseeable'" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482, quoting Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 753; see Mirand v City of New York, 84 NY2d 44, 49).
Here, Camp Shane failed to establish, prima facie, that it lacked notice of the counselor's alleged abusive propensities and conduct (see Palopoli v Sewanhaka Cent. High Sch. Dist., 166 AD3d 639, 641; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 953). Accordingly, the Supreme Court should have denied Camp Shane's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court