T.F. v Clarkstown Cent. Sch. Dist. (2025 NY Slip Op 03042)

T.F. v Clarkstown Cent. Sch. Dist.

2025 NY Slip Op 03042

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-10916
 (Index No. 32990/21)

[*1]T.F., appellant, 
v
Clarkstown Central School District, et al., respondents.

Herman Law, New York, NY (Stuart S. Mermelstein, Jeffrey Herman, Yusuf Sattar, and Vanessa A. Neal of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Karen L. Campbell and Corey L. Shulman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Rockland County (Part CVA-R) (Leonard D. Steinman, J.), dated October 16, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
In June 2021, the plaintiff commenced this action against the defendants, Clarkstown Central School District (hereinafter the school district) and Felix Festa Middle School (hereinafter the middle school), pursuant to the Child Victims Act (see CPLR 214-g), inter alia, to recover damages for negligence. The plaintiff alleged that the defendants negligently failed to prevent sexual abuse perpetrated by the defendants' employee, a teacher, upon the plaintiff from 1984 to 1985.
In March 2023, the defendants moved for summary judgment dismissing the complaint, arguing, among other things, that they did not have actual or constructive notice of the alleged abuse or of the teacher's alleged propensity to engage in sexual abuse. The plaintiff opposed the motion. In an order dated October 16, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"'Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent . . . retention . . . and supervision of the employee'" (Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d 741, 742, quoting Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635; see Stanton v Longwood Cent. Sch. Dist., 233 AD3d 1010, 1013). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury and that there exists a connection between the defendant's negligence . . . and the plaintiff's injuries" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [citations and internal quotation marks omitted]). [*2]"The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring[,] . . . retention[, or supervision] of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846-847 [internal quotation marks omitted]).
Moreover, "[a] school owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Fain v Berry, 228 AD3d 626, 627 [internal quotation marks omitted]; see J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]). "The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 723). "'Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable'" (Sayegh v City of Yonkers, 228 AD3d at 691 [alteration omitted], quoting Kwitko v Camp Shane, Inc., 224 AD3d 895, 896). As a result, "'[a]ctual or constructive notice to the school of prior similar conduct generally is required'" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482, quoting Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952). "Nonetheless, the adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [alteration and internal quotation marks omitted]).
Here, contrary to the Supreme Court's determination, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint (see Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d at 744; Kwitko v Camp Shane, Inc., 224 AD3d at 896). In support of their motion, the defendants submitted, among other things, a transcript of the deposition testimony of the plaintiff, who testified that over the course of the school year, while he was in the seventh grade, he was sexually abused by the teacher daily and that the teacher's abusive propensities were common and open knowledge in the middle school's community. The defendants also submitted a transcript of the deposition testimony of a faculty member who was employed by the school district at the same time as the teacher, who testified that students had informed him that the teacher engaged in inappropriate conduct and that he believed other teachers were aware of said alleged conduct. Therefore, the defendants' own submissions demonstrated the existence of triable issues of fact as to whether the defendants had actual or constructive notice of the alleged abuse of the plaintiff and of the teacher's alleged abusive propensities and as to whether the defendants' supervision of the plaintiff and the teacher was negligent (see Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d at 744; Sayegh v City of Yonkers, 228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847). Since the defendants failed to meet their prima facie burden, the court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 724).
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court