BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y. (2026 NY Slip Op 00488)

BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y.

2026 NY Slip Op 00488

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-13264
 (Index No. 69676/19)

[*1]BCVAWCH-Doe, respondent,
vRoman Catholic Archdiocese of New York, et al., appellants, et al., defendant.

Rivkin Radler LLP, Uniondale, NY (Frank Raia, Cheryl F. Korman, and Henry Mascia of counsel), for appellant Roman Catholic Archdiocese of New York.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa M. Rolle and Alexandra Catalano of counsel), for appellant Church of St. Bernard.
Grant & Eisenhoffer P.A., New York, NY (Barbara J. Hart and Samantha L. Breitner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendants Roman Catholic Archdiocese of New York and Church of St. Bernard separately appeal from an order of the Supreme Court, Westchester County (Doris M. Gonzalez, J.), dated November 13, 2024. The order denied those defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In December 2019, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants Roman Catholic Archdiocese of New York (hereinafter the Archdiocese) and Church of St. Bernard (hereinafter St. Bernard and, together with the Archdiocese, the defendants), among others. The plaintiff alleged that while he was a child in school at St. Bernard, he was sexually abused from 1959 to 1961 by Edwin Gaynor, a physical education teacher and coach at St. Bernard. The amended complaint asserted causes of action, inter alia, to recover damages for negligence, negligent supervision, negligent hiring, negligent retention, and negligent training.
The defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them, arguing, among other things, that they did not have actual or constructive notice of the alleged abuse or of Gaynor's alleged propensity to engage in sexual abuse. The plaintiff opposed the motions. In an order dated November 13, 2024, the Supreme Court denied the separate motions. The defendants separately appeal.
"'Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent . . . retention . . . and [*2]supervision of the employee'" (Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d 741, 742, quoting Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635; see Stanton v Longwood Cent. Sch. Dist., 233 AD3d 1010, 1013). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury and that there exists a connection between the defendant's negligence . . . and the plaintiff's injuries" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [citations and internal quotation marks omitted]). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring[,] . . . retention[, or supervision] of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846-847 [internal quotation marks omitted]).
Moreover, "[a] school owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Fain v Berry, 228 AD3d 626, 627 [internal quotation marks omitted]; see J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]). "The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 723). "'Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable'" (Sayegh v City of Yonkers, 228 AD3d at 691 [alteration omitted], quoting Kwitko v Camp Shane, Inc., 224 AD3d 895, 896). As a result, "'[a]ctual or constructive notice to the school of prior similar conduct generally is required'" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482, quoting Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952). "Nonetheless, the adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [alteration and internal quotation marks omitted]).
Here, the defendants' submissions failed to eliminate the existence of triable issues of fact as to whether they had constructive notice of the alleged abuse of the plaintiff and of Gaynor's alleged abusive propensities and whether the defendants' supervision of Gaynor was negligent (see Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d at 744; Sayegh v City of Yonkers, 228 AD3d at 692). Moreover, the defendants failed to demonstrate that they lacked an employer/employee-like relationship with Gaynor (see Schlesinger v Sisters of Order of St. Dominic, 236 AD3d 1074, 1076). Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied their respective motions for summary judgment dismissing the amended complaint insofar as asserted against each of them, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
GENOVESI, J.P., CHRISTOPHER, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court