Riordan v Archdiocese of N.Y. (2026 NY Slip Op 01544)

Riordan v Archdiocese of N.Y.

2026 NY Slip Op 01544

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-13263
 (Index No. 65355/20)

[*1]Stephen Riordan, respondent, 
vArchdiocese of New York, et al., appellants, et al., defendant.

Rivkin Radler LLP, Uniondale, NY (Frank Raia, Cheryl F. Korman, and Henry M. Mascia of counsel), for appellant Archdiocese of New York.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa M. Rolle and Alexandra Catalano of counsel), for appellant Church of St. Bernard.
Grant & Eisenhofer P.A., New York, NY (Barbara J. Hart and Samantha L. Breitner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendants Archdiocese of New York and Church of St. Bernard separately appeal from an order of the Supreme Court, Westchester County (Doris M. Gonzalez, J.), dated November 13, 2024. The order denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants Archdiocese of New York (hereinafter the Archdiocese) and Church of St. Bernard (hereinafter St. Bernard and, together with the Archdiocese, the defendants), among others, asserting causes of action, inter alia, to recover damages for negligence and negligent hiring, training, retention, and supervision. The plaintiff alleged that while he was a student at St. Bernard's school, he was sexually abused from 1958 to 1960 by Edwin Gaynor, a teacher and coach at St. Bernard's school, and that the defendants negligently failed to prevent the sexual abuse. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated November 13, 2024, the Supreme Court denied the separate motions. The defendants separately appeal.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846 [internal quotation marks omitted]). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see MCVAWCD-DOE v Columbus Ave. Elementary [*2]Sch., 225 AD3d at 846). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring[,] . . . retention[, or supervision] of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846-847 [internal quotation marks omitted]).
"[A] school owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y., ___ AD3d ___, ___, 2026 NY Slip Op 00488, *2 [internal quotation marks omitted]). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]). "The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Sayegh v City of Yonkers, 228 AD3d at 691 [alteration and internal quotation marks omitted]). "As a result, [a]ctual or constructive notice to the school of prior similar conduct generally is required" (BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y., ___ AD3d at ___, 2026 NY Slip Op 00488, *2 [internal quotation marks omitted]). "Nonetheless, the adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [alteration and internal quotation marks omitted]).
Here, the defendants' submissions failed to eliminate all triable issues of fact as to whether they had actual or constructive notice of the alleged abuse of the plaintiff and of Gaynor's alleged abusive propensities and whether their supervision of Gaynor was negligent (see BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y., ___ AD3d at ___, 2026 NY Slip Op 00488, *2; Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d 741, 744). Moreover, the defendants failed to establish, prima facie, that they did not owe a duty to the plaintiff as they failed to demonstrate the lack of an employer/employee-like relationship (see BCVAWCH-Doe v Roman Catholic Archdiocese of N.Y., ___ AD3d at ___, 2026 NY Slip Op 00488, *2). Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
BARROS, J.P., GENOVESI, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court